IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3034 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROYEE JEFFRIES, CHRISTIAN YATES, BETTIE TRUMBLE, RITA GRIESS, ARNOLD NESBITT, only minority African American, ERIC DRUMHELLER, JANET PALMTAG, and BARBARA ALBERS, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 6, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on February 6, 2014, against Royce Jeffries, Barbara Albers, Christian Yates, Bettie Trumble, Rita Griess, Arnold Nesbitt, Eric Drumheller, and Janet Palmtag. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that Defendants are employees of the Nebraska Equal Opportunity Commission ("NEOC"). Plaintiff alleges that, between 2012 and 2014, he has filed approximately 20 complaints of "Employment, Public Accommodation, [and] Race discrimination" with the NEOC and they have all been denied in an "arbitrary and capricious manner." (*Id.* at CM/ECF p. 2.) Plaintiff alleges there is institutionalized bias within the NEOC. (*Id.* at CM/ECF pp. 2-3.) Plaintiff argues that Defendants' denial of all of his cases violates his Fourteenth Amendment right to equal protection. (*Id.* at CM/ECF p. 3.)

As relief, Plaintiff seeks for the court to order the NEOC to employ more minorities, review of his charges of discrimination, and money damages. (*Id.* at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Claims for Monetary Relief Against Defendants

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th

2

Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff has named eight state employees as Defendants in this matter. Plaintiff did not specify whether he is suing Defendants in their official or individual capacities. Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)). As such, damages claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). For these reasons, Plaintiff's claims for monetary relief against Defendants will be dismissed.

B.   **Remaining Claims**

To the extent Plaintiff's Complaint could be construed to raise claims for prospective injunctive relief against Defendants, those claims fail to state a claim upon

3

which relief may be granted. As set forth above, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. 1950. Here, Plaintiff names eight individuals as Defendants in this matter, but makes no allegations about them in the body of his complaint except to generally state that they all work for the NEOC and they all denied his claims. Plaintiff does not allege that any one of them were personally involved in reviewing or deciding the charges of discrimination he filed with the NEOC or how their actions violated his right to equal protection. Moreover, Plaintiff does not set forth any factual allegations in support of his blanket assertion that his charges of discrimination were denied in an "arbitrary and capricious manner."

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Plaintiff believes Defendants violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2.     The clerk's office is directed to send to Plaintiff a copy of the civil complaint form.

3.     The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on June 26, 2014.

4.     Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 27th day of May, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

5